UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ALEX ALFONSO SALAVERRIA

Plaintiff(s)

VS.

Defendant(s)

THE UNITED STATES OF AMERICA
DEPARTMENT OF HOMELAND SECURITY
UNIDENTIFIED AGENTS ACTING IN THE NAME
OF HOMELAND SECURITY
[SPECIAL AGENT COLIN HOBBS]
LAS VEGAS METRO POLICE DEPARTMENT
CLARK COUNTY CORRECTIONAL FACILITY
CITY OF LAS VEGAS
STATE OF NEVADA
LOS ANGELES SHERIFF'S DEPARTMENT
WEST HOLLYWOOD SHERIFF'S DEPARTMENT
CITY OF WEST HOLLYWOOD
LOS ANGELES COUNTY JAIL
CITY OF LOS ANGELES
BERKELEY POLICE DEPARTMENT
CITY OF BERKELEY
ALAMEDA COUNTY JAIL
STATE OF CALIFORNIA
MIAMI POLICE DEPARTMENT
MIAMI DADE COUNTY JAIL
KROME DETENTION CENTER
CITY OF MIAMI
FEDERAL BUREAU OF PRISONS
LA SALLE DETENTION FACILITY
STATE OF FLORIDA
FEDERAL BUREAU OF INVESTIGATION

CIVIL CASE No.

**BIVENS**

**ACTION**

FILED 06.19.2021
DISTRICT OF
COLUMBIA

Case: 1:21-cv-01759 JURY DEMAND
Assigned To : McFadden, Trevor N.
Assign. Date : 6/29/2021
Description: Pro Se Gen. Civ. (F-DECK)

Plaintiff demands trial by **JURY**

Plaintiff in the above captioned action, alleges as follows:

## JURISDICTION

**1.**    This is a CIVIL ACTION brought pursuant to *Bivens v. Six Unknown
Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).*
This court has jurisdiction over this action pursuant to 28 U.S.C.
§§ 1331 and 2201.

## PARTIES

**2. A.**    **PLAINTIFF:** ALEX ALFONSO SALAVERRIA

       **ADDRESS:**    **14357 LANNING DRIVE**

                      **WHITTIER, CA 90604**

**3. A.**    **DEFENDANT:** THE UNITED STATES OF AMERICA

         **1. DEPARTMENT OF JUSTICE OF THE UNITED STATES**

           **a. ATTORNEY GENERAL MERICK GARLAND**

         **ADDRESS: 555 4TH STREET, NW**

                  **WASHINGTON D.C.  20001**

   **B.**    **DEFENDANT : DEPARTMENT OF HOMELAND SECURITY (USDHS)**

               **1. SECRETARY ALEJANDRO MAYORKAS**

               **2. UNIDENTIFIED AGENTS ACTING IN NAME OF THE**

               **DEPARTMENT OF HOMELAND SECURITY (USDHS)**

         **ADDRESS:  2707 Martin Luther King Jr Ave SE**

                  **Washington, DC 20528-0525**

   **C.**    **DEFENDANT: SPECIAL AGENT COLIN HOBBS "THE GENERAL"**

            **ACTING IN THE NAME OF HOMELAND SECURITY**

   **D.**    **DEFENDANT : LAS VEGAS METRO POLICE DEPARTMENT**

         **ADDRESS:  400 S. MARTIN L. BOULEVARD**

                **LAS VEGAS, NV. 89106**

        **1.  SHERIFF JOSEPH LOMBARDO**

        **2.  OFFICERS INVOLVED ON [ILLEGAL ARREST 03.13.2020]**

   **E.**    **DEFENDANT: CLARK COUNTY DETENTION CENTER**

        **1. CORRECTIONAL OFFICERS ON DUTY (03.13.20-03.15.20)**

   **F.**    **DEFENDANT: CITY OF LAS VEGAS**

        **1. DISTRICT ATTORNEY CLARK COUNTY STEVE WOLFSON**

           **ADDRESS:  RJC CLARK COUNTY DISTRICT ATTORNEY, 3RD FL.**

                **200 LEWIS AVENUE**

                **LAS VEGAS, NV 89155**

   **G. DEFENDANT: STATE OF NEVADA**

        **1. STATE ATTORNEY GENERAL AARON D. FORD**

        **ADDRESS: GRANT SAWYER BUILDING**

            **555 E. WASHINGTON AVENUE SUITE 3900**

            **LAS VEGAS, NV 89101**

2

A095-139-271 vs. THE UNITED STATES OF AMERICA

**H.  DEFENDANT: BERKELEY POLICE DEPARTMENT**

   1. CHIEF OF POLICE JENNIFER LOIS

   2. ALL OFFICER(S) INVOLVED IN (ILLEGAL ARREST January 31, 2019)

   ADDRESS: 2100 MARTIN LUTHER KING JR WAY

        BERKELEY, CA. 94704


**I.  DEFENDANT: ALAMEDA COUNTY JAIL**

   1. ALL CORRECTIONAL OFFICER(S) AT PROTECTIVE CUSTODY UNIT

   (01.31.19- 02.05.19).

   2. OFFICERS PRESENT WHEN BOARDING 02.05.2019 11:15 AM PST

   LOS ANGELES SHERIFF'S DEPARTMENT TRANSPORTATION BUS.

   ADDRESS: 5325 BRODER BLVD.

        DUBLIN, CA. 94568


**J.  DEFENDANT : LOS ANGELES COUNTY JAIL**

   1. ALL CORRECTIONAL OFFICERS DURING (02.05.2019- 02.14.2019)

   ADDRESS: 441 BAUCHET STREET

        LOS ANGELES, CA. 90012

**K.  DEFENDANT : LOS ANGELES SHERIFF'S DEPARTMENT**

   1. SHERIFF ALEX VILLANUEVA

   ADDRESS: 211 W. TEMPLE STREET

        LOS ANGELES, CA 90012

**L. DEFENDANT: THE CITY OF LOS ANGELES**

   1. DISTRICT ATTORNEY GEORGE GASCON

   ADDRESS: CRIMINAL JUSTICE CENTER

        210 WEST TEMPLE STREET, 19TH FLOOR

        LOS ANGELES, CA. 90012

**M. DEFENDANT: WEST HOLLYWOOD SHERIFF**

   1. DEPUTY SHERIFF TRENT A. MILES

   ADDRESS:  780 N. SAN VICENTE BLVD.

        WEST HOLLYWOOD, CA 90069

**N. DEFENDANT: FEDERAL BUREAU OF INVESTIGATION (LOS ANGELES)**

      ADDRESS; 11000 WILSHIRE BLVD. UNIT 1700

        LOS ANGELES, CA 90024

**L. DEFENDANT: IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE)**

   ADDRESS: 500 12th St SW WASHINGTON, DC 20536

**O. DEFENDANT: FEDERAL BUREAU OF PRISONS**

   ADDRESS: 320 FIRST ST. NW WASHINGTON D.C. 20534

P. DEFENDANT: KROME DETENTION CERNTER HOMESTEAD, FL.
    ADDRESS: 18201 SW 12TH STREET MIAMI, FL 33194

Q. DEFENDANT: LA SALLE DETENTION FACILITY JENA, LA.
    ADDRESS: 830 PINEHILL RD. JENA, LA 71342

R. DEFENDANT: CITY OF MIAMI
    1. DISTRICT COUNTY ATTORNEY KATHERINE FERNANDEZ RUNDLE
    ADDRESS: 1350 NW 12 AVENUE MIAMI, FL 33136

S. DEENDANT: MIAMI-DADE COUNTY JAIL
    ADDRESS: 1321 NW 13TH ST. MIAMI, FL 33125

T. DEFENDANT: STATE OF FLORIDA
    1. ATTORNEY GENERAL ASHLEY MOODY
    ADDRESS: THE CAPITOL PL-01 TALLAHASSEE, FL 32399-1050

## 4. THE FACTS OF THE COMPLAINT AGAINST ALL DEFENDANTS

THE UNITED STATES OF AMERICA is here represented by the institutions and law enforcement agencies, AND ACTING AGENT(S), PRIVATE ENTITIES, AND/ OR THIRD PARTIES mentioned herein from letters A to T and therefore will answer to the ATTORNEY GENERAL OF THE UNITED STATES and UNITED STATES DEPARTMENT OF JUSTICE who is being sued as DEFENDANT: THE UNITED STATES OF AMERICA. ALL DEFENDANTS MENTIONED HERE IN WILL REPRESENTED AS BEING PART OF THE UNITED STATES OF AMERICA.

### INTRODUCTION:

-Mr. ALEX ALFONSO SALAVERRIA for "THE RECORD" is a long term HIV-AIDS SURVIVOR (Diagnosed by Dr. Margaret Fischl MD, University of Miami Miller School of Medicine in June 2004. Therefore is considered HANDICAP and to have a "disability" since the initial diagnosis and falls under the protection of the AMERICAN DISABILITIES ACT (ADA). Since the year of 2009 Mr. ALEX ALFONSO SALAVERRIA has been ILLEGALLY ARRESTED on numerous occasion(s). The initial ILLEGAL ARREST and DETENTION was in consequence under "THE PRETENSE" of a LIE made by a FEDERAL OFFICER.

    1.) (Please refer to EXHIBIT A) NTA/ DHS.

-During his detention he was placed in segregation due to his HIV POSITIVE status and denied a proper diet to maintain his health, missed and was denied his daily HIV meds, and placed in segregation because of his medical condition.

This action was once again under "THE PRETENSE" of a LIE of a FEDERAL OFFICER at the Detention Facility overseen by the GEO GROUP in Jena, Louisiana.

**2.)(Please refer to EXHIBIT [B-Letter DHS] EXHIBIT [C-SEGREGATION-JENA]** During the one month and three weeks in FEDERAL DETENTION there were serious violations to Civil Rights, Constitutional Rights, State Rights, Federal Rights, not to mention major HUMAN RIGHTS violation(s) on US soil. During his Immigration Proceedings in Federal Court Mr. ALEX SALAVERRIA represented himself in front of Federal Judge John Duck Jr. in Oakdale, Louisiana. A Change of venue was granted and the case was transferred to the Federal Court in Miami, FL.

-Mr. SALAVERRIA represented himself in Federal Court in front of Federal Judge Lourdes Martinez-Esquivel and his papers (TPS-TEMPORARY PROTECTED STAUS) were reinstated on September 10, 2010

**3.) Please refer to EXHIBIT [D-JUDGES ORDER/MIAMI].**

-His heath was severely jeopardized and compromised. Mr. SALAVERRIA appointed the legal services of Attorney Joseph Patrick Vredevelt/ THE COCHRAN FIRM SOUTH FLORIDA (Criminal Division) to bring a Civil Rights law suit against the DEPARTMENT OF HOMELAND SECURITY for violating his CIVIL and CONSTITUTIONAL Rights in 2010. His health was severely affected during his detention, not to mention his medical and life insurance lapsed in direct consequence of the ILLEGAL DETENTION. He moved to the State of California shortly after.

*-Since the year 2011, Mr. SALAVERRIA has been residing at 14357 Lanning Drive Whittier, CA 90604. He informed of his address change as required by law and USCIS /USDHS. He as well notified Attorney Vredevelt/ COCHRAN of his new address and residence. He has renewed his (TPS) as required by law and (USDHS), however has noticed numerous irregularities on several occasions.*

-He has reported his concerns since 2010 to Diplomatic authorities and several authority divisions in the United States of America.

-Mr. SALAVERRIA believes DEFENDANTS have been directly involved in either influencing decisions made, or directly affecting the conduct of other Federal authorities and/ or Federal Agents and that of LOCAL authorities involved in different scenarios through the years. The Civil Rights law suit was never presented by Attorney Vredevelt/ COCHRAN although over $10,000 USD was given as an "advance" for the Federal law suit therefore involving negligence and legal malpractice.

**4.) (Please refer to EXHIBIT [E- Vredevelt/ COCHRAN].**

-Mr. SALAVERRIA came into a verbal agreement with Attorney Vredevelt, with the involvement of Attorney Peter S. Heller (Legal Partner to COCHRAN FIRM Criminal Division) where he would compensate the monies advanced for the law suit that was never filed in the UNITED STATES District Court in Miami, FL.

-Written communication and files are available as evidence and proof for review by this Honorable Court.  As of May 18, 2020 Attorney Vredevelt failed to provide the monies owed to Mr. SALAVERRIA now for ten years. This directly affected his ability to file a new case, not to mention seriously affected his finances for monies legally owed to him for the negligence involved in the legal malpractice of the case.  He believes (USDHS) has been directly involved through illegally communicating private matters without legal jurisdiction or consent to third parties, constituting HARASSMENT and INVASION OF PRIVACY.

 -In 2016 his *TEMPORARY PROTECTED STATUS (TPS)  was withdrawn without justification by a mistake of delivery of the USPS.  This is a similar scenario to his (TPS) being withdrawn in 2006 that led to his ILLEGAL Detention by USDHS/ICE in 2009 although an APPEAL was legally filed and unanswered at the time.  In similar circumstances he legally filed an appeal.*

PRIVACY- Federal Constitutional Rights, such as the Fourth Amendment, are rights that individuals have to protect themselves against government actions. Tort rights, are rights that individuals have against a wide variety of entities, such as  private persons and business entities, in addition to the government. Thus while the Fourth Amendment protects an individual's privacy from unjustified government intrusion, privacy torts protect an individual's privacy from other individuals, including the government.

*"One who intentionally intrudes physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy."*

-Mr. SALAVERRIA has informed of ILLEGAL SURVEILLANCE on numerous occasions including the use of drones by unidentified government authorities.
In addition, he believes (USDHS) or Federal Agents acting in name of (USDHS) have disclosed private matters, including confidential "Medical Records" which constitutes a
FEDERAL CRIME with legal consequences for those involved.  In addition a premeditated attempt to illegally place false evidence in his vehicle did in fact happen where attempts were made against his life in an illegal covert operation by (USDHS) Federal Agents between the State of California and Nevada on March 13, 2020.  Because the illegal persecution from unidentified vehicles started in the State of California on March 13, 2020 it would then violate "California Sanctuary Law. "A point is clearly made that it is not the first time FEDERAL AGENTS have LIED and FALSIFIED information to cover up for their crimes."
          5.) Please refer to EXHIBIT [F-INCIDENT REPORT LAS VEGAS]
          7.) EXHIBIT [G- INCIDENT REPORT KOA-SEA/ ALASKA]

The communication between DEFENDANTS and that involving LOCAL POLICE in the State of California may be confirmed by the ILLEGAL ARREST of Mr. SALAVERRIA in Berkeley, CA on January 31, 2019. There have been clear attempts to illegally prosecute him on "bogus" charges so he would have no legal remedy to defend himself while being in custody. While the charges involving the Berkeley Police Department on January 31, 2019 were dismissed as a (DA REJECT), during his Detention at the ALAMEDA COUNTY JAIL, he was denied the adequate medical treatment even though of the disclosure of his HIV POSITIVE status and being on antibiotics for an Upper Respiratory Infection at the time. He was as well denied the proper diet to maintain his health. Although Mr. SALAVERRIA was eligible for being released by posting "BAIL" on a pending case in the County of Los Angeles, his rights were clearly violated by obligating him to board the (Prisoner Transportation of the LOS ANGELES SHERIFF' S DEPARTMENT) when the "BAIL" required for his release was legally posted 12 hours prior to him being obligated to board the inmate transportation bus. It is very important to mention his personal property including (Cell phones, IPAD, and personal MacBook Pro Computer) were kept by the Berkeley Police where he believes his property was compromised by authorities to monitor his whereabouts and monitor his activity ILLEGALLY, once again constituting INVASION OF PRIVACY and ILLEGAL SURVEILLANCE. It was reported to the City of Berkeley, the Police Department compromised his medications where over ($7,500.00 worth of HIV meds) were lost during this ILLEGAL arrest in a PRIVATE Business setting violating his Constitutional Rights. This clearly involved direct communication between (USDHS) Federal Agents and LOCAL POLICE in Berkeley, Alameda County, and Los Angeles County, CA.

8.) Please refer to [EXHIBIT-H INCIDENT ALAMEDA COUNTY]

9.) [EXHIBIT- I INCIDENT LOS ANGELES COUNTY].

Mr. SALAVERRIA is aware under the circumstances involving this ILLEGAL arrest, the attempt of being processed and booked by the LOS ANGELES COUNTY JAIL was to solidify the pending case in his record where a WARRANT from (DHS) was presented that confirms the communication between field agents and that of LOCAL POLICE.

"SB 54 CALIFORNIA SANCTUARY LAW limits how much local law enforcement can cooperate with federal authorities to enforce immigration law.

*During the ILLEGAL "Covert Operation" in Las Vegas, NV on March 13, 2020, DEFENDANTS used a "Radio Frequency Vehicle Stopper" with high powered radiation which severely affected Mr. SALAVERRIA. This technology is able to remotely control the activity of the human nervous system. This can also incapacitate a human being not to mention, it can stop a human heart and make someone die with sophisticated frequencies. (USDHS) Agents as well used LIGHT EMITTING DIODE on two different locations: HOLIDAY ROYALE 4505 Paradise Road-Residential PRIVATE PROPERTY where he was ILLEGALLY ARRESTED by LAS VEGAS METRO POLICE under the instruction of DEFENDANTS and at the (TROPICANA/ NELLIS*

*SHOPPING CENTER).  This is available in the report made to Detective Richard Jones at Internal Affairs LVMPD.  During his ILLEGAL DETENTION at the Clark County Detention Center, he was left in the non-processed inmate cell for close to 48 hours.  Even though he was wounded and taking antibiotics at the time, other than disclosing his HIV POSITIVE status, he was not provided with medical treatment and denied his medications required to maintain his health.  He was not expected to survive at the time, and was released under the direct involvement of Government of El Salvador contacting Homeland Security in Washington.*

*He was arrested under the false pretense of a LIE by DEFENDANTS implanting false evidence of narcotics (cocaine) in his vehicle, and directly involving local LAS VEGAS METRO POLICE Officers.  His life was attempted against and direct threats were made against his life constituting PREMEDITATED MURDER.  His vehicle was illegally towed and vandalized.  He as well noticed during his detention the presence of <u>Officer Trent Miles from the West Hollywood SHERIFF Station</u> and the conversation between local Correction Officers at Clark County Detention Center and Special Agent Colin Hobbs over a phone conversation at the facility. Special Agent Colin Hobbs was present at the location of the Salvadoran Consulate (Parking Lot) several days later where Mr. SALAVERRIA made a full declaration to Diplomatic Authorities over this situation and harassment continued in Las Vegas where he was subject to continued attempts against his life.*

**In a recent occurrence at his residence in California, his vehicle was again broken into and a report was made with the LOS ANGELES SHERIFF'S DEPARTMENT:**

**10.) Report NORWALK-NWK20129-0104.**

Several additional reports have been made of "mysterious occurrences" to the California Department of Justice.  A recent burglary theft report of documents stolen being delivered to to the Office of Senator KAMALA D. HARRIS was made to SFPD (Report 200531221)

DHS Federal Agents are believed to be destroying evidence to cover up their crimes and with premeditated intent to destroy evidence of their illegal activity.

—-Continued illegal surveillance has continued in the year 2021, and as of June 21, AGENT(S) including CASEY HOBBS (wife to COLIN HOBBS) was identified near the residence of Mr. Salaverria under again an "ILLEGAL" operation in the State of California.  Field Office of the Federal Bureau of Investigation in Los Angeles, Office of the District Attorney Los Angeles, California Department of Justice, (JEAN MANES- US EMBASSY Protocol San Salvador, Embassy of El Salvador Washington DC, Office of Governor of California Gavin Newsom, were duly informed of the continued illegal activity and evidence is on record for this case. AGENT(S) have been in direct contact with the FBI, local Law Enforcement (LAPD) (LOS ANGELES SHERIFF'S DEPARTMENT), again breaking procedures and established protocols violating State, Federal, and Constitutional Laws.  Furthermore all of the parties involved have "DESTROYED LEGAL DOCUMENTS" constituting OBSTRUCTION OF JUSTICE.  The District Attorney of Los Angeles GEORGE GARCON, and the UNITED STATES DEPARTMENT OF JUSTICE must file CRIMINAL CHARGES to all parties involved in CRIMINAL ACTIVITY,.

## GENERAL ALLEGATIONS
### (Against All Defendants)

**1.)** That at all times herein mentioned, plaintiff **ALEX ALFONSO SALAVERRIA** (hereinafter **"PLAINTIFF"**) was and is an individual residing in the City of West Hollywood and the City of Whittier, County of Los Angeles, State of California.

**2.)** That at all times herein mentioned **DEFENDANT : THE UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF JUSTICE (Attorney General Merrick B .Garland)** and all sub sequent agencies overseen by this Government institution will respond as **DEFENDANT(S): STATE OF CALIFORNIA (Attorney Rob Bonta), STATE OF FLORIDA (Attorney Ashley Moody) STATE OF NEVADA (Attorney Aaron D. Ford)** *US DEPARTMENT OF HOMELAND SECURITY / Director Alejandro Mayorkas [Agents Acting in the name of USDHS, FEDERAL BUREAU OF INVESTIGATION, Corporate Institution(s) or Entities representing or acting in the name of USDHS, as well as individual(s) acting in the name of USDHS], Law Enforcement Agencies, Federal Detention Facilities, Correctional Facilities (mentioned in this law suit) , CITY OF LOS ANGELES (LA District Attorney GEORGE GARCON), CITY OF LAS VEGAS ( Las Vegas Attorney STEVE B. WOLFSON): (herein after "DEFENDANT(S)") was and is a Government Agency, place of formation unknown, operating and doing business within the State of California, among other State(s) of the United States of America, whose address is 950 Pennsylvania Avenue NW Washington, D.C. 20530-0001.*

**3.)** That the true names and capacities whether individual, corporate, associate, or otherwise of defendants, DOES 1 to 1000, inclusive, and each of them, are unknown to PLAINTIFF *(except for Colin Hobbs, Casey Hobbs Trent Miles, and Jeffrey James Mumaugh)\** who therefore sues said DEFENDANT(S) by such fictitious names. PLAINTIFF will ask leave the court to amend this complaint when remainder of names are ascertained. That each of the DEFENDANTS designated herein as a DOE is negligently or wantonly responsible in some manner for the events and happenings herein referred to, thereby causing damages proximately thereby to PLAINTIFF.

**4.)** In doing the things complained of each DEFENDANT was the agent and employee of his co-Defendant and was acting within the course or scope of his agency and employment with the knowledge and consent of each of said CO-DEFENDANTS.

## 5.) <u>VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS</u>

**Civil rights** remedies come into play for willful **police** conduct that violates an individual's constitutional **rights**. Section 1983 is the primary **civil rights** law victims of **police** misconduct rely upon: False arrest (or false imprisonment).

The Fourth Amendment of the U.S. Constitution provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

In general, most warrantless searches of private premises are prohibited under the Fourth Amendment, unless specific exception applies. For instance, a warrantless search may be lawful, if an officer has asked and is given consent to search; if the search is incident to a lawful arrest; if there is probable cause to search and there is exigent circumstance calling for the warrantless search. Exigent circumstances exist in situations where a situation where people are in imminent danger, where evidence faces imminent destruction.

Eighth Amendment right to adequate medical care.  **Inmates suffering from healthcare neglect or medical malpractice** may bring a Section 1983 lawsuit/ and or BIVENS ACTION against their jail or prison or representing institution/ agency and employees for violating their civil rights.

**" Punishment varies in numerous circumstances however during the "(TRUMP ADMINISTRATION)" —DEFENDANT has broken laws under the assumption of "Federal Immunity" when acting in their assumption of breaches that concern exposure of field agents in federal complaints."**

## 6.) VIOLATION OF THE PRIVACY ACT OF 1974/ INVASION OF PRIVACY AND ILLEGAL SURVEILLANCE

*"The Privacy Act of 1974 (5 U.S.C. § 552a) protects personal information held by the federal government by preventing unauthorized disclosures of such information."—— Individuals also have the right to review such information, request corrections, and be informed of any disclosures. "The Freedom of Information Act facilitates this procedure."*

**\*[PLEASE REFER TO ALL (INCIDENT REPORTS) EXHIBITS HEREIN**

## 7.) PREMEDITATED MURDER/ ATTEMPT AGAINST PLAINTIFF

*California Penal Code Section 664/187 – Attempted Murder **"(State Law set as an example: PLAINTIFF will pursue criminal charges through further investigations and request the involvement of the California Department of Justice)."***
*The crime of "attempted murder" is covered under California Penal Code Section 664/187. In general terms, if you attempt to kill someone, but they don't die, then you will be facing a violent crime charge of attempted murder.  It's important to note a crime is "attempted" when you had a*

1  *specific intent to complete the act and you took a deliberate and direct step toward completing it.*

2  *Attempted murder is serious offense carrying substantial time in a California state prison.*

**18 U.S. Code §1111**

3  (a)  Murder is the unlawful killing of a human being with malice aforethought. Every murder

4  perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and

5  premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson,

escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual

6  abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture

7  against a child or children; or perpetrated from a premeditated design unlawfully and

maliciously to effect the death of any human being other than him who is killed, is murder in

8  the first degree.

9  *Local State Law Enforcement Officers have violated California Sanctuary Law by*

10  *communicating private matters protected by law between agencies. By virtue of § 34 of the*

*Judiciary Act of 1789, state law expressed in constitutional and statutory form was regularly*

11  *applied in federal courts in diversity actions.*

12

13  *8.) DEFENDANTS have been and/or are directly involved with lying, falsifying information,*

*obtained information and disclosed illegally, and has communicated private confidential*

14  *information without legal disclosure or consent.  DEFENDANTS have disclosed personal*

15  *"MEDICAL" information and records violating the (HIPPA Act).*

16  *9.)Numerous other agents are directly involved in the direct attempt against his life including*

17  *local law enforcement officers in the State of Nevada that inflicted harm under instruction of*

*DEFENDANTS.*

18

19  *Therefore in consequence DEFENDANTS have violated AMERICAN DISABILITIES ACT for a*

20  *"disabled person", (Privacy protected by Amendment Four of the Constitution of the United*

*States) Constitutional Laws (IV, V, VIII) , Federal Laws, and State Laws in numerous states in*

21  *the union including California, Nevada, Washington, Louisiana, Hawaii, New York, and Florida.*

22

**FIRST CAUSE OF ACTION**

23  **(Negligence Against All Defendants)**

24  **10.)** On or about the following date(s) and time(s): (April 20, 2009- MIAMI, FL, January 31, 2019-

25  February 15, 2019 -BERKLEY, CA/ LOS ANGELES, CA , March 13, 2020 LAS VEGAS, NV).

In or about April 20, 2009 PLAINTIFF was taken under custody by DEFENDANT(S) under the

26  **pretense of a lie** by stating PLAINTIFF had entered the United States illegally and was taken to the

27  KROME Facility in Homestead, Florida operated by DEFENDANT(S).  At all times hereinafter

28

1    mentioned PLAINTIFF was owed the highest duty of care at the PREMISES of all locations
2    mentioned in this suit represented by DEFENDANT(S).

3    **11.)** That at the said and time and place, DEFENDANT(S) each and every one of them, caused
4    damages to PLAINTIFF.

5    **12.)** That at the time and place, PLAINTIFF was illegally transported **(like a convicted prisoner)** to
6    another location in the State of Louisiana under the assumption of no further legal recourse to the
      LA SALLE DETENTION FACILITY in Jena, LA (operated by the GEO GROUP) for the
7    DEFENDANT. PLAINTIFF was denied a proper diet and missed his required life saving
8    medication per being ***HIV POSITIVE*** and was placed in segregation due to his medical condition.

9    **13.) That at the said time and place DEFENDANTS, negligently, wantonly, carelessly,**
10   **intentionally, and recklessly arrested PLAINTIFF without a (LEGAL) warrant, against his**
      **will and without justification or excuse, and imprisoned for more than (1) MONTH and (3)**
11   **weeks at (3) different Detention in two different State(s) [Florida & Louisiana] facilities**
12   **operated by DEFENDANT.**

13   **14.)** In or about January 31, 2019 DEFENDANTS negligently, wantonly, carelessly, intentionally,
14   and recklessly, made false accusations to the POLICE about PLAINTIFF, and as a result of
      DEFENDANTS' accusations, the BERKLEY POLICE falsely arrested PLAINTIFF without
15   justification or excuse. The accusations for what PLAINTIFF was being accused were dismissed by
16   the Oakland Court as a DA Reject. Although PLAINTIFF was eligible for **(posted bail**
17   **IMMEDIATE RELEASE)** DEFENDANTS who were acting negligently, wantonly, carelessly,
18   made false accusations about the PLAINTIFF whereas at the Santa Rita Correctional Facility
      PLAINTIFF was not released per his right as DEFENDANT was in direct communications with
19   CALIFORNIA LAW ENFORCEMENT violating SANCTUARY LAW for crimes he did not
20   commit.

21   **15.)** That as a proximate result of the said acts of the DEFENDANTS, PLAINTIFF was obligated to
22   board the LOS ANGELES SHERIFFS PRISONER TRANSPORTATION so PLAINTIFF was
23   processed by the LOS ANGELES COUNTY JAIL for a pending case (not on his record at the time)
      so on the intent of "due process" DEFENDANT would proceed in deportation proceedings for a
24   charge that would constitute a "deportable crime". DEFENDANTS who were acting negligently,
25   wantonly, carelessly, and intentionally accusing PLAINTIFF of crimes he did not commit. Case was
26   dismissed by the Superior Court of California.

27   **16.)** That as a further proximate result of the said acts of the DEFENDANTS, PLAINTIFF did in
28   fact suffer the most severe humiliation, mental anguish, and emotional distress, all to his damage in
      an amount to be shown according to proof.

**17.)  That as a proximate result of said acts of the DEFENDANTS, PLAINTIFF sustained severe bodily injuries to various parts of his body.**

**18.) In or about March 13, 2020 DEFENDANTS' on an (illegal covert) operation that spanned between the State of California (I-15) to the City of Las Vegas in the State of Nevada, DEFENDANTS, negligently, wantonly, carelessly, intentionally, and recklessly, made false accusations to the LAS VEGAS METRO POLICE DEPARTMENT, and as a result of the DEFENDANTS accusations and direct involvement the LAS VEGAS METRO POLICE DEPARTMENT arrived in a PRIVATE PROPERTY without a "legal warrant" unlawfully arrested. detained, and cited PLAINTIFF for crimes which PLAINTIFF did not commit.**

**19.) That as a proximate result of a "reoccurring illegal conduct" DEFENDANT through their direct involvement and without justification or excuse, PLAINTIFF was imprisoned for more than (2) days at the CLARK COUNTY DETENTION CENTER without receiving any of his life saving HIV Medications and antibiotic treatment for an infection he was suffering at the time.  As a further proximate result to this incident and said acts, PLAINTIFF suffered severe bodily injuries to various parts of his body.**

**20.) That as a further proximate result of the said acts of the DEFENDANTS, and that of other LAW ENFORCEMENT involved as stated herein under the instructions of DEFENDANTS, PLAINTIFF did in fact suffer once again the most severe form of humiliation, mental anguish and emotional distress, all to his damage in an amount to be shown according to proof.**

## SECOND CAUSE OF ACTION
### (Assault and Battery Against All Defendants)

**20.) PLAINTIFF herby incorporates herein each and every allegation contained within Paragraphs 1 through 20 in the (GENERAL ALLEGATIONS) set out in full herein.**

**21.)** On or about the following date(s) and time(s): (April 20, 2009- MIAMI, FL, January 31, 2019-February 15, 2019 -BERKLEY, CA/ LOS ANGELES, CA , March 13, 2020 LAS VEGAS, NV) PLAINTIFF at all times herein mentioned was conducting himself in a respectable, peaceful, law-abiding manner and did nothing to justify the acts of the DEFENDANTS as described herein.

**22.)**  At the set time(s)  and date(s), DEFENDANTS, intentionally, maliciously, wantonly, and recklessly grabbed, handcuffed, punched, beat, and kicked PLAINTIFF and dragged PLAINTIFF to numerous DETENTION FACILITIES in the States of FLORIDA, LOUISIANA, CALIFORNIA, and NEVADA.  He was unlawfully imprisoned (1) MONTH and (3) WEEKS between

DETENTION FACILITIES in the States of FLORIDA and LOUISIANA, (3) WEEKS in the State of CALIFORNIA, and (2) DAYS in the State of NEVADA.

**23.)** At all times herein mentioned, PLAINTIFF offered no resistance to the DEFENDANTS, and DEFENDANTS had no reason, justification, or excuse to commit the above mentioned acts.

**24.)** PLAINTIFF sustained numerous injuries to his body and health due to his HIV condition, and sustained further damages as shown according to proof.

**25.) In doing the acts the acts as alleged above, DEFENDANTS intended to cause PLAINTIFF physical harm and injury and to place PLAINTIFF in apprehension of harmful and offensive contact.**

**26.) As a result of DEFENDANTS' acts as alleged above PLAINTIFF in fact, was placed in great apprehension of harmful and offensive contact.**

**27.)** In doing the acts as alleged herein, DEFENDANTS did, in fact, create harmful and offensive contacts with PLAINTIFF.

**28.)** As a proximate result of the acts of DEFENDANTS as alleged in causes of action, PLAINTIFF was hurt and injured in his health, strength, and activity, sustaining numerous injuries to his head, body, nervous system and person, and continue to cause, PLAINTIFF great mental, physical, and nervous pain and suffering.

**29.)** As a further proximate result of the acts of DEFENDANTS, PLAINTIFF has incurred, and will continue to incur medical, psychiatric, and related expenses. The full amount of these expenses is not known to PLAINTIFF at this time. PLAINTIFF will move to amend this complaint to state the amount when it becomes known, or on proof thereof.

**30.)** The aforementioned conduct of DEFENDANTS was willful and malicious and was intended to oppress and cause injury to PLAINTIFF.

**31.)** That as a further proximate result of said acts of DEFENDANTS, PLAINTIFF did in fact suffer the most severe humiliation, mental anguish and emotional distress, all to his damage in an amount to be shown according to proof.

### THIRD CAUSE OF ACTION
#### (Intentional Infliction of Emotional Distress Against All Defendants)

**32.)** PLAINTIFF herby incorporates herein each and every allegation contained within paragraphs 1 through 34 as set out in full in (**GENERAL ALLEGATIONS**).

**33.)**  On or about the following date(s) and time(s): (April 20, 2009- MIAMI, FL, January 31, 2019- February 15, 2019 -BERKLEY, CA/ LOS ANGELES, CA , March 13, 2020 LAS VEGAS, NV) **DEFENDANTS without warning, justification, defense or privilege, grabbed, punched, beat, kicked,  inflicted direct harm,  against PLAINTIFF and dragged PLAINTIFF to numerous DETENTION FACILITIES in several States as mentioned in this suit.  PLAINTIFF was unlawfully detained on numerous occasions as mentioned herein for extensive periods of time without justification.  DEFENDANTS have further assaulted PLAINTIFF, in conscious and reckless and callous disregard of PLAINTIFFS well being, and DEFENDANTS knew, or should have known, that their conduct would cause grave and serious emotional harm, damage and distress to PLAINTIFF.**

**34.) At no times did PLAINTIFF commit any act which could serve as justification, defense, or excuse for DEFENDANTS actions.**

**35.) Such conduct of the DEFENDANTS towards PLAINTIFF as herein described was outrageous, intentional, reckless, and beyond all bounds of common decency.**

**36.) As a proximate result of the herein mentioned acts, PLAINTIFF did in fact suffer the most severe humiliation, mental anguish and emotional distress, all to his damage in an amount to be shown according to proof.**

**37.) Accordingly, DEFENDANTS acts constitute negligent infliction of emotional distress and are liable to PLAINTIFF for all damages as a proximate result thereof.**

## FOURTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress Against All Defendants)

**38.) PLAINTIFF hereby incorporates herein each and every allegation contained within Paragraphs 1 through 40 as though set out in full in the (GENERAL ALLEGATIONS).**

**39.)**  On or about the following date(s) and time(s): (April 20, 2009- MIAMI, FL, January 31, 2019- February 15, 2019 -BERKLEY, CA/ LOS ANGELES, CA , March 13, 2020 LAS VEGAS, NV) **DEFENDANTS without warning, justification, defense or privilege, grabbed, punched, beat, kicked,  inflicted direct harm,  against PLAINTIFF and dragged PLAINTIFF to numerous DETENTION FACILITIES in several States as mentioned in this complaint.  PLAINTIFF was unlawfully detained on numerous occasions as mentioned herein for extensive periods of time without justification.  DEFENDANTS have further assaulted PLAINTIFF, in conscious and reckless and callous disregard of PLAINTIFFS well being, and DEFENDANTS knew, or should have known, that their conduct would cause grave and serious emotional harm, damage and distress to PLAINTIFF.**

**40.)** As a proximate result of DEFENDANTS acts, PLAINTIFF suffered emotional harm, damage, and distress. The full extent of such expenses incurred and to be incurred are unknown to PLAINTIFF at this time, and leave of court will be asked to amend said complaint to insert the correct amount when the same is ascertained.

**41.)** Said emotional harm, damage, and distress is accompanied by physical impact and physical injury to PLAINTIFF by grabbing, punching, beating, kicking, and twisting the body, inflicted direct harm, against PLAINTIFF and dragged PLAINTIFF to numerous DETENTION FACILITIES in several States as mentioned in this complaint. PLAINTIFF was unlawfully detained on numerous occasions as mentioned herein for extensive periods of time without justification or cause where DEFENDANTS further assaulted PLAINTIFF. Second DEFENDANTS proximately caused physical injuries to PLAINTIFF and further injuries as shown according to proof.

**42.)** Accordingly, DEFENDANTS acts constitute negligent infliction of emotional distress and are liable to PLAINTIFF for all damages as a proximate result thereof.

<u>**FIFTH CAUSE OF ACTION**</u>
(Negligent Hiring and Supervision Against All Defendants)

**43.)** PLAINTIFF hereby incorporates herein each and every allegation contained within paragraphs 1 through 45 as though set out in full in (GENERAL DISCLOSURES).

**44.)** At all times herein mentions DEFENDANT(S) have knowledge and whereabouts of PLAINTIFF through records pertained to the identification of (A095-139-271). As a foreign citizen allowed to enter and remain legally in the United States of America, consequently, all identified (ALIENS) are considered patrons of DEFENDANT(S) as United States of America invitees to whom the highest degree of care is owed.

**45.)** DEFENDANTS knew, or should have known, that since the occupation as FEDERAL AGENTS would possibly entail the use of physical force against foreign citizens identified as (ALIENS). DEFENDANTS owe this respect to all foreign citizens legally in the United States of America a high degree of care in the hiring, training, and supervision of its employees/ agents at all scopes pertaining to the FEDERAL GOVERNMENT where DEFENDANT oversees herein.

**46.)** At all times herein mentioned DEFENDANT DOES 1-1000, were agents of the other remaining DEFENDANT(S) as FEDERAL AGENTS in said division of the Federal Government of the United States of America.

**47.) That, in fact DEFENDANT(S) failed to exercise the appropriate degree of care in the hiring, training, investigating, and supervision of DEFENDANTS DOES 1-1000.**

**48.) That as a proximate result of the said acts misfeasance and nonfeasance of DEFENDANT(S), and each of them PLAINTIFF was hurt and injured in PLAINTIFF'S health, strength and activity, sustaining injuries to PLAINTIFF'S body and shock and injuries to PLAINTIFF'S nervous system, all of which have caused and continue to cause PLAINTIFF mental and physical pain and suffering and nervousness. PLAINTIFF was required to employ physicians and health care providers to examine. treat, and care for PLAINTIFF and did and continues to incur medical and incidental expenses which will be shown according to proof,**

<u>SIXTH CAUSE OF ACTION</u>
**(FALSE IMPRISONMENT AGAINST ALL DEFENDANTS)**

**49.) PLAINTIFF herby incorporates herein each and every allegation contained within paragraphs 1 to 54 as set out in full herein in (GENERAL ALLEGATIONS).**

**50.) .)** .) On or about the following date(s) and time(s): (April 20, 2009- at location MIAMI, FL, January 31, 2019- February 15, 2019 - at location BERKLEY, CA/ LOS ANGELES, CA , March 13, 2020 at location LAS VEGAS, NV) **PLAINTIFF was intentionally dragged and arrested with no justification(s) or cause(s) under the direct involvement of DEFENDANTS. DEFENDANT(S) have lied to local authorities on (2) different instances. In doing the things complained about LOCAL POLICE illegally arrested PLAINTIFF inflicting direct harm to his health on (5) separate occasions by not providing a proper diet thus refusing to provide his daily medications required to combat his <u>HIV infection</u> he suffers since initial diagnosis in the year 2004. He has been confined to "Solitary Confinement" with the DEFENDANTS' desire to confine PLAINTIFF in the enclosed chamber among other serious violations on record.**

**51.) At said time(s) and place(s) DEFENDANTS physically restrained defendant by false imprisonment and incarceration for some applicable time.**

**52.) At no time did PLAINTIFF consent to any of the aforementioned acts of DEFENDANTS, nor did DEFENDANTS have any reason, justification, or excuse to commit any of these acts. At all times relevant, PLAINTIFF was conducting himself in a peaceful and law-abiding manner.**

**53.) As a proximate result of the mentioned acts, PLAINTIFF did in fact suffer serious bodily injuries in an amount to be shown according to proof.**

**54.) As a proximate result of the above mentioned acts, PLAINTIFF did in fact suffer the most severe humiliation, mental anguish and emotional distress, all to his damage in an amount to be shown according to proof.**

**SEVENTH CAUSE OF ACTION**
**(Defamation Against All Defendants)**

**55.) PLAINTIFF hereby incorporates herein each and every allegation contained within Paragraphs 1 to 58 as though set out in full in (GENERAL ALLEGATIONS).**

**56.)** On or about the following date(s) and time(s): (April 20, 2009- MIAMI, FL, January 31, 2019- February 15, 2019 -BERKLEY, CA/ LOS ANGELES, CA , April 13, 2020 LAS VEGAS, NV) **DEFENDANT(S), and each of them, made statements about PLAINTIFF stating that PLAINTIFF was an "ILLEGAL ALIEN", was a supposedly 'Drug Dealer", was an "Armed Robber", was involved in "Grand Theft". These statements were completely FALSE and DEFENDANT(S) had no bases for uttering such false statements.**

**57.) Each of the above mentioned statements made by each DEFENDANT(S)was heard by each of the other DEFENDANT(S), and, further, was heard by numerous other persons who were at said described location(s) in different explained scenarios set forth herein.**

**58.) All of the above mentioned statements were unprivileged, and exposed PLAINTIFF to hatred, contempt, ridicule, and disgrace. In addition, these statements caused PLAINTIFF to be shunned and avoided, and had a tendency to injure PLAINTIFF in his occupation other than inflicting a serious negative image to his name. Furthermore, these statements falsely charged PLAINTIFF with the crimes of shop lifting, grand theft, drug violations, to which PLAINTIFF has never been convicted, not to mention has defended by his right and all FALSE accusations have been dismissed as established by law.**

**EIGHTH CAUSE OF ACTION**
**(VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CIVIL CODE § 51**
**AGAINST ALL DEFENDANTS)**

**59.) PLAINTIFF hereby incorporates herein each an every allegation contained between Paragraphs 1 to 63 as though set in full herein in (GENERAL ALLEGATIONS).**

**60.) As set forth above, DEFENDANTS' acts and omissions constitute violations of Unruh Civil Rights Act, Civil Code § 51.**

61.) By reasons of DEFENDANTS' unlawful acts, practices, and omissions, PLAINTIFF have suffered monetary damages, humiliation, mental anguish, negative health impact, and physical and emotional distress. PLAINTIFF has no adequate remedy at law to prevent the continuing and unlawful conduct of DEFENDANT(S). PLAINTIFF has endured harassment and has informed all LEGAL entities all the way to the California Department of Justice and to Diplomatic Authorities of the Government of El Salvador. In order to prevent the continuing and unlawful conduct of DEFENDANT(S) and, unless enjoined, DEFENDANT(S)' acts will result in great irreparable injury to PLAINTIFF, and other foreign citizens being abused by FALSE statements and reprehensible corrupt conduct by FEDERAL AGENTS at every level.

62.) The unlawful acts and practices of DEFENDANTS alleged herein were reckless and willful, and caused great bodily harm to PLAINTIFF. Therefore, an award of punitive damages, sufficient to punish DEFENDANTS and to serve as an example to deter them from similar conduct in the future, should be made PLAINTIFF claims such amount of damages together with pre-judgement interest thereon pursuant to California Code § 3287, 3288, and/ or any other applicable provision for prejudgment interest. Cal. Civ. Code § 3294(a) The grounds to impose punitive damages in federal actions are similar to those of California actions. [That one or more officers, directors, or managing agents of (Agents acting in the name of DEFENDANTS) knew of the conduct constituting malice, oppression, and adopted or approved that conduct after it occurred.] Clear and convincing evidence: Oppressive conduct.

## NINTH CAUSE OF ACTION
### CALIFORNIA CONSTITUTION ARTICLE I, § 8 AGAINST ALL DEFENDANTS

63.) PLAINTIFF hereby incorporates herein each and every allegation contained within Paragraphs 1 to 67 as though set out in full herein (GENERAL ALLEGATIONS).

64.) At all times mentioned herein, Article I, Section 8 of the California Constitution was in full force and effect, and was binding on all DEFENDANTS. Article I, Section 8 requires defendants to refrain from committing acts against public policy.

65.) In addition to the acts mentioned above, PLAINTIFF was improperly discriminated against and harassed on the basis of his race and sexual orientation, not to mention his medical condition of being HIV POSITIVE.

66.) The aforementioned conduct by DEFENDANTS constituted a violation of public policy in violation of Article I, Section 8 of the California Constitution. Such unfair and arbitrary conduct was a substantial factor in causing damage and injury to PLAINTIFF.

67.) As a direct and proximate cause of DEFENDANTS unlawful acts, PLAINTIFF has been damaged, and will continue to be damaged, on the account of lost income, and related economic losses, including medical expenses, in such amount as shall be established by proof at the time of trial. PLAINTIFF claims such amount as damages together with pre-judgement interest thereon pursuant to California Civil Code § 3287, § 3288, and/ or any other applicable provision providing for pre-judgement interest.

68.) As a further direct and proximate result of such acts, PLAINTIFF suffered and continues to suffer severe emotional distress, humiliation, and mental anguish, and were damaged thereby in such amount as shall be established by proof at the time of trial. PLAINTIFF claim such amount as damages together with pre-judgement interest thereon pursuant to California Civil Code §3287, §3288, and/ or any other applicable provision providing for pre-judgement interest.

69.) In committing the unlawful acts herein alleged, DEFENDANTS acted fraudulently, maliciously, and oppressively. By reason thereof, PLAINTIFF is entitled to recover punitive damages in an amount to be established by proof at the time of trial. PLAINTIFF claims such amount as damages together with pre-judgement interest thereon pursuant to California Civil Code § 3287, § 3288, and/ or any other applicable provision providing pre-judgement interest. The grounds to impose punitive damages in federal actions are similar to those of California actions

70.) Furthermore PLAINTIFF will pursue criminal charges against certain DEFENDANTS he has discovered through his own field investigation in due process with the California Department of Justice and the Attorney General of the United States of America so all involved individuals are brought to justice.

## PRAYER FOR RELIEF

WHEREFORE, **PLAINTIFF** prays for judgement against **DEFENDANTS**, and each of them as follows:

### ON THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION:

1.  For general damages in an amount to be determined at the time of trial, pursuant to California Code of Civil Procedure § 425.10 and §425.11. The grounds to impose punitive damages in federal actions are similar to those of California actions;

2.  For costs of medical and psychiatric care and treatment, and incidental expenses, according to proof,

3. For loss of earnings and earning capacity, according to proof;

4. For costs of suit incurred herein;

5. For pre-judgement interest;

6. For such other and further relief as the court may deem just and proper

### ON THE SECOND, THIRD, SIXTH, SEVENTH, EIGHTH, AND NINTH CAUSES OF ACTION

1.  For general damages in an amount to be DETERMINED at the time of trial, pursuant to California Code of Civil Procedure § 425.10 and § 425.11, The grounds to impose punitive damages in federal actions are similar to those of California actions;

2. For costs of medical and psychiatric care and treatment, and incidental expenses, according to proof;

3. For loss of earnings and earning capacity, according to proof;

4. For costs of suit incurred herein

5. For pre-judgement interest;

*[The Liability of the United States for the unconstitutional conduct of federal agents: As a general proposition, the United States enjoys sovereign immunity.]*

*The Federal Tort Claims Act. 14, however, waives governmental immunity in actions for money damages "caused by the negligent or wrongful act or omission of any employee of the*

*Government while acting within the scope of his office or employment. Thus, in contrast to section 1983, which was construed in Monell to impose only direct liability on governmental entities," the Federal Tort Claims Act makes the United States vicariously liable for the acts of its employees. The Act contains numerous exceptions to the general rule of vicarious liability, including section 2680(h), which in its original form immunized the government from liability in Bivens false arrest actions." The section was amended in 1974 to provide that "with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of [the Act imposing liability] shall apply to any claim arising out of assault, battery, false imprisonment, 'false arrest, abuse of process, or malicious prosecution. Although the amendment makes no direct reference to Bivens, its legislative history indicates that Congress intended to subject the United States to vicarious liability for violations of the fourth amendment.*

*Therefore, because of direct inflicting action to damage his reputation, by directly lying and falsifying documents, Pre-meditated Murder, Life Endangerment, Illegal Surveillance, Invasion of Privacy, Negative Health Impact, and direct infliction to Vandalism of Private Property, Pain and Suffering, continued Harassment, Illegal disclosure of Medical Records without consent thus violating the HIPAA Act and rule of PRIVATE disclosure, Violation of Privacy Laws protected by the Fourth Amendment, Plaintiff ALEX ALFONSO SALAVERRIA requests this honorable court to award:]*

*A. Compensatory Damages: that accounts for past and future expenses, lost wages and pain and suffering.*

*B. Punitive Damages: For the reckless conduct of the agents acting in the name of DEFENDANTS; unreasonably risky without care, malicious; intending to harm another without reason or justification and the intentional act or one with reckless indifference to the rights of others. Cal. Civ. Code § 3294(a) The grounds to impose punitive damages in federal actions are similar to those of California actions. [That one or more officers, directors, or managing agents of (Agents acting in the name of DEFENDANTS) knew of the conduct constituting malice, oppression, and adopted or approved that conduct after it occurred.] Clear and convincing evidence: Oppressive conduct*

*C. Emotional Distress Damages: PLAINTIFF suffered personal injuries in addition to mental distress, as a result of negligent or intentional misconduct by DEFENDANTS.*

*IN THE AMOUNT OF*

*TWO HUNDRED AND FIFTY MILLION DOLLARS*

*"($250,000,000.00 USD)"*

I declare under penalty of perjury that the following is true and correct.

**JUNE 19, 2021**



**ALEX ALFONSO SALAVERRIA (AO95-139-271)**

**\*(PLAINTIFF HERBY RESERVES THE RIGHT TO AMEND THIS COMPLAINT IN THE CASE OF FURTHER HIRING LEGAL COUNSEL IN DUE PROCESS)**

[REF:FP 2:20-cv-10532 (A095-139-271 v. USDHS)

1 *PROOF OF SERVICE:*

2

3

4

5

6

7



8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23 *I, ALEX ALFONSO SALAVERRIA A095-139-271 certifies the complaint was*

24 *served to the defending party on (06.21.2021)*

25

26 *PRIORITY MAIL United States Postal Service:*

27

28