UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEX ALFONSO SALAVERRIA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | Case No. 1: 21-cv-01759 (TNM) |

## ORDER

Plaintiff Alex Salaverria moves to reinstate his case.[1] ECF No. 16. The Court dismissed Salaverria's case on October 4, 2021 because he did not serve Defendants. ECF No. 10. Salaverria then filed a motion for leave to file an amended complaint. ECF No. 11. The Court informed Salaverria that he could not file an amended complaint in a closed case and that he needed to file a motion to reopen explaining why he did not serve Defendants. ECF No. 12. Salaverria provides this explanation in his Motion to Reinstate Case. The Court will deny Salaverria's motion because he does not show good cause for his failure to serve.

Salaverria claims the original summonses provided to him by the Clerk of Court were stolen by federal agents. ECF No. 16 at 2. He then requested a second set of summonses, but he says those never arrived. *Id.* Salaverria suggests that someone could be tampering with his mail. *Id.*

---

[1] Salaverria's motion also asks for permission to proceed in forma pauperis. But to proceed in forma pauperis Salaverria must file an application (available on the Court's website) with the Clerk of Court. And in any event, Salaverria already paid the Court's filing fee. *See* 6/29/2021 docket entry.

Salaverria's contentions do not rise to the level of good cause. His explanation for his failure to serve depends on a fantastical narrative in which local police and federal agents are making attempts on his life. ECF No. 16 at 1–2.[2] The parties behind this alleged scheme include the State of Nevada; the City of Las Vegas; the City of West Hollywood; the City of Miami; police departments in Florida, California, and Nevada; the Federal Bureau of Prisons; the Federal Bureau of Investigations; and "Unidentified Agents Acting in the Name of Homeland Security"—to name just a few. ECF No. 1 at 1. These entities have purportedly engaged in a wide variety of illegal activities. For example, Salaverria alleges government agents conducted surveillance on him using drones and planted evidence in his car to arrest him on false charges. *Id.* at 6. He claims to have informed California Governor Gavin Newsom of this illegal surveillance. *Id.* at 8. On a separate occasion, he claims that a "radio frequency vehicle stopper" used by police in Las Vegas gave him radiation poisoning. *Id.* at 7. In his most recent filing, Salaverria alleges unidentified law enforcement agents still follow him, forcing him to abandon his home. ECF No. 16 at 2.

Salaverria argues that the Court must already know these facts because they appeared in his motion for a protective order, which the Court granted. *See* ECF No. 9. But that misses the point. It only matters that Salaverria notified the Court of the reasons for his failure to serve if his reasons are good ones. They are not. Courts in this jurisdiction routinely dismiss frivolous claims like Salaverria's for lack of jurisdiction. *See Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) ("[T]he allegations appear similar to those in a number of cases that district courts have dismissed for patent insubstantiality: [1] that plaintiff was subjected to a campaign of surveillance and harassment deriving from uncertain origins . . . [2] that a U.S. Senator

---

[2] All page numbers refer to the pagination generated by the Court's CM/ECF system.

orchestrated a program of hacking into plaintiff's personal computer, monitoring his phone calls, causing a power outage affecting half of Los Angeles, and tracking him by helicopter . . . and [3] that the Postal Service had conspired with two persons unconnected to the federal government . . . to keep her under surveillance in Postal Service premises by unlawful use of electronic devices[.]").

Because Salaverria has not shown good cause, the Court will deny his motion to reopen. It will also deny his motion for leave to amend his complaint, ECF No. 11.[3]  The Court warned Salaverria in its October 18, 2021 Order that he could not file an amended complaint without showing good cause for his failure to prosecute.  *See* ECF No. 12.

For these reasons it is hereby

**ORDERED** that Salaverria's [11] Motion for Leave to File an Amended Complaint is DENIED; and it is further

**ORDERED** that Salaverria's [16] Motion to Reinstate Case is DENIED.

**SO ORDERED**.

Dated: October 29, 2021

TREVOR N. McFADDEN
United States District Judge

---

[3]  The Court earlier denied a motion for leave to file an amended complaint because the amended complaint was nearly identical to the complaint in ECF No. 11.  *See* ECF No. 17 (Court's denial of Salaverria's motion for leave to file amended complaint).